## MARY J. BOYD v. J. W. JOHNSON.

APPEAL BY D. K. BURKHOLDER, SHERIFF, FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 19, 1891—Decided October 5, 1891.

On a sale of real estate under a levari facias sur mortgage, the sheriff is not entitled to tax, as part of his costs, the costs, including the printing bill, upon former writs which were stayed absolutely because of defective service and a failure to give notice of the sale as required by § 4, act of 1705, 1 Sm. L. 58.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 139 January Term 1890, Sup. Ct.; court below, No. 37 April Term 1889, E. D., C. P.

On March 10, 1888, judgment was entered in open court in favor of Mary J. Boyd, to the use of John T. McGonigle, now to the use of others, against J. W. Johnson, for $5,283.33, in a scire facias sur mortgage. On March 27th, a writ of levari facias was issued to No. 77 April Term 1888, which, on April 20th, was stayed by the plaintiffs' attorneys.

On January 2, 1889, two alias writs of levari facias were issued to Nos. 54, 76 January Term 1889, by assignees of different parts of the mortgage judgment, and the mortgaged premises were advertised for sale thereon. On January 25th, the defendant presented his petition, setting forth, inter alia, that neither of said writs had been served upon him, and that the sheriff had not given notice of the contemplated sale, to the petitioner, as required by § 4, act of 1705, 1 Sm. L. 58; * praying that both said writs be quashed. Rule granted to show cause why the writs of alias levari facias should not be stayed. On January 28th, "parties appearing, and it being admitted that the sheriff had not given notice of the writs of sale," the rule was made absolute. On the writ to No. 54 January Term 1889, the sheriff's costs were indorsed as follows: Printing, $21.79; sheriff B., $4.98. On the writ to No. 76 January Term 1889, his costs were indorsed as follows: Printing, $34.80; sheriff B., $4.98. The fee-bill in force in Lancaster county seems to be that provided by § 3, act of February 22, 1821, P. L. 368.

On February 5, 1889, a pluries levari facias was issued to No. 37 April Term 1889, E. D., under which on April 20, 1889, the premises mortgaged were sold. On this writ as returned were indorsed, inter alia, the sheriff's costs upon the above mentioned writs, as stated, and another item which included $1 for " writ." The costs having been so taxed by the prothonotary, after a hearing of the sheriff, his attorney and the defendant in person, the defendant appealed from the taxation alleging that the prothonotary erred:

" 1. In allowing the two items, $34.80 and $4.98, in January Term 1889, No. 76, for the reason that said writ was set aside

---

* This section of the act of 1705 does not seem to have been digested in the last edition of Purdon's Digest. A similar provision as to notice of sale under a venditioni exponas forms § 62, act of June 16, 1836, P. L. 772.

Opinion of Court below.

by the court, owing to defective service of the writ, improper advertising, and failure to notify defendant or to serve sale-bill on him. All without any fault of defendant.

"2. In allowing the item $21.92 in April Term 1889, No. 37, there being an improper charge of $1 for "writ;" and the charge of "commissions $16.08," being in excess of what is allowed by law.

"3. In allowing the two items, $21.79 and $4.98, in January Term 1889, No. 54, for the reason that said writ was set aside by the court, owing to defective service of the writ, improper advertising, and failure to notify defendant or to serve sale-bill on him. All owing to no act or fault of defendant."

With the appeal was filed the testimony taken by the prothonotary on the hearing before him. This testimony tended to show that the levari facias and notices had not been served upon the defendant, but that he had notice otherwise of the sale advertised.

After argument, the court, LIVINGSTON, P. J., on November 16, 1889, filed the following opinion:

Section 4 of the act of 1705, from which § 62 of the act of June 19, 1836, relating to writs of venditioni exponas, appears to have been taken, and which, with reference to proceedings on writs of levari facias on mortgages, is still in force, declared that "before any such sale be made, the sheriff, or other officer, shall cause so many writings to be made upon parchment or good paper as the debtor or defendant shall reasonably desire or request, or so many, without such request, as may be sufficient to signify and give notice of such sales or vendues, and of the day and hour when, and the place where the same will be, and what lands or tenements are to be sold, and where they lie; which notice shall be given to the defendant, and the said parchments or papers fixed by the sheriff, or other officer, in the most public places of the county or city, at least ten days before the sale," etc.

Under this act, there appear to be reasons why notice of the writ should be given to, or service thereof made upon the defendant, to enable him to inform the sheriff, or other officer, of the number of writings (advertisements) he should desire or request him to prepare and put up, which he would have

Opinion of Court below.

no opportunity of doing, if he had no notice of the writ being in the hands of the officer ; and that notice of the bills should also be given to defendant, to enable him to see that the property is properly described therein, and to know the time when, and place where his property is to be sold, the right to the knowledge of which is secured to him by § 4 of the act of 1705.

In Thomas v. Curren, 6 W. N. 432, the court says that a sheriff's sale under a mortgage will be set aside for uncertainty in the description of the premises, even though it follows the mortgage. In the case before us, the testimony shows a misdescription of the property ; the posting of bills, intended to be put up on the property to be sold, on property not included in the writs, as well as a failure on the part of the sheriff to serve the writ, or give notice of the writ or bills of sale, upon or to the defendant.

In Passmore v. Gordon, 1 Bro. 320, the court says that the notice must be proved by the sheriff ; but that it need not be a written or printed notice. In Topple v. Taylor, 6 S. & R. 173, the Supreme Court says that when the law directs the sheriff to give notice of the sale (on a levari facias), it is presumed that he performed his duty. But this presumption may be rebutted by evidence to the contrary. When such evidence is produced as renders it probable that notice was not given, the burden of proving the notice is thrown upon the person who claims under the deed, (in a case like the present, upon the sheriff.) This has been the construction and general practice under the act of assembly. In re real estate of Lucas Raubenhold, 1 Woodw. 478, rule to set aside a sheriff's sale, it was held, that the defendant had the statutory right to demand any reasonable number of additional advertisements, to be disposed of at his own discretion, if he had thought such a demand to be expedient. And, in Daniel Miller's Appeal, the court says: " A court is bound to protect parties from the negligence, mistakes, and errors of its officers, and the power should be liberally exercised, where the rights of others do not intervene."

[The evidence and record showing that the property was not properly advertised, bills not posted on the premises, and that no service or notice of the writ or sale was given to defendant, the prothonotary erred in taxing, in favor of the sher-

iff and against the defendant, the items mentioned in exceptions Nos. 1 and 3. As to exception No. 2, we find no error, except in the item, $1 for writ, which should be 75 cents. We find the commissions correct. Exceptions Nos. 1 and 3 are therefore well taken, and must be sustained, and 25 cents must be deducted from the item $21.92, in exception No. 2. The bill is now returned to the prothonotary, for re-taxation in accordance with this opinion.] [7]

—The sheriff's costs having been re-taxed as ordered, Sheriff Burkholder took this appeal, assigning the portion of the opinion and order embraced in [ ] [1] for error.

*Mr. G. C. Kennedy* (with him *Mr. Smith*), for the appellant.
Counsel cited: Passmore v. Gordon, 1 Bro. 320 ; 1 T. & H. Pr., § 1439.

*Mr. J. W. Johnson*, for the appellee.
Counsel cited: Keyser's App., 124 Pa. 90.

OPINION, MR. JUSTICE STERRETT :

In the court below three exceptions were filed by defendant to the prothonotary's taxation of Sheriff Burkholder's costs. Two of these were fully sustained, and the other sustained in part. The costs were re-taxed accordingly, and this appeal was then taken by the sheriff.

The first and third exceptions were grounded on defective service of the writs therein mentioned, "improper advertising, and failure to notify defendant or to serve sale bill on him," in consequence of which omissions of duty the writs were set aside by the court. It was therefore contended that, by reason of his negligence, the sheriff had no right to claim the items of costs specified in either of said exceptions.

The court, upon evidence that was quite sufficient, found that the facts as claimed by defendant were true, and rightly sustained both exceptions. In this there was certainly no error of which appellant has any just reason to complain ; and, unless we are prepared to say that neglect of official duty, whereby parties litigant are subjected to vexatious delay and expense, is sufficient ground on which to base a claim for fees, etc., the decree in this case should be affirmed. It requires neither ar-

gument nor citation of authority to show that the conclusions reached by the court below are correct. Except as to an overcharge of twenty-five cents for writ, the second exception was rightly dismissed.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.